IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL E. JOHNSON, #335-470  \*
      Plaintiff,
                                       \*

v.                                            CIVIL ACTION NO. JFM-09-930
                                       \*

DIRECTOR NERO, et al.,
      Defendants.                       \*
                                       \*\*\*\*\*\*

## MEMORANDUM

On April 13, 2009, pro se plaintiff Michael E. Johnson, an inmate currently incarcerated at the North Branch Correctional Institution in Cumberland, Maryland, filed a civil rights complaint pursuant to 42 U.S.C. §1983 seeking money damages. Paper No. 1. Pending before the court is defendants' dispositive motion (Paper No. 20), which shall be treated as a motion for summary judgment. Plaintiff has filed a response.[1] Paper Nos. 22 and 24. No hearing is needed to resolve the pending dispositive motions. *See* Local Rule 105.6 (D. Md. 2010). For reasons that follow the motion shall be granted.

### Factual and Procedural Background

Plaintiff alleges a plethora of claims regarding his incarceration at the Patuxent Institution from October 28, 2008 through March 7, 2009. Plaintiff claims that he suffered inhumane conditions of confinement when he was: forced to sleep in a strip cell; forced to eat cold food; forced to eat with his hands; denied exercise for six months; denied showers for weeks; forced to live in a dirty cell; denied clothes and shoes; and denied running water. Plaintiff also alleges he was denied medical and mental health care, and was denied communication with his lawyer, denied legal mail, and was held incommunicado. Plaintiff further alleges he was subjected to physical and mental

---

[1] Plaintiff has filed a motion for default judgment as to defendants Boatman and Taylor. Paper No. 39. The motion shall be denied. Boatman and Taylor have not been properly served with the complaint. Even if they had been properly served, plaintiff's complaint against them would be subject to dismissal.

torture, harassment and discrimination. Paper No. 1.

## **Standard of Review**

Fed. R. Civ. P. 56(c) provides that summary judgment:

> should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

## Analysis

**A.  Respondeat Superior**

Plaintiff's allegations against Director Nero and Chief of Security Butler are based solely upon the doctrine of *respondeat superior,* which does not apply in §1983 claims. *See Love-Lane v. Martin*, 355 F. 3d 766, 782 (4th Cir. 2004) (no respondeat superior liability under §1983); *see also Trulock v. Freeh*, 275 F. 3d 391, 402 (4th Cir. 2001) (no respondeat superior liability in a *Bivens* suit). Liability of supervisory officials must be "premised on 'a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.'" *Baynard v. Malone*, 268 F. 3d 228, 235 (4th Cir. 2001), *citing Slakan v. Porter*, 737 F. 2d 368, 372 (4th Cir. 1984). Supervisory liability under § 1983 must be supported with evidence that (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff, (2) the supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices, and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *See Shaw v. Stroud*, 13 F. 3d 791, 799 (4th Cir. 1994). Plaintiff has pointed to no action or inaction on the part of Nero or Butler that resulted in a constitutional injury, and accordingly, his claims against them shall be dismissed.

**B.  Conditions of Confinement**

Plaintiff complains that he was subjected to unconstitutional conditions of confinement when he was kept in a strip cell, made to eat cold food, made to eat with hands, denied exercise for six months, denied showers for weeks, forced to live in a dirty cell, and denied clothes, shoes and

running water. Paper No. 1.

The uncontroverted evidence before the court demonstrates that Patuxent Institution has only two cells which contain a toilet and sink but no bed and Plaintiff was never housed in either cell. Paper No. 20, Exs. 1 and 2. All cells at Patuxent are equipped with running water, and inmates housed at Patuxent Institution are provided hot meals. *Id.*, Ex.1. Plaintiff was housed on L-1, the mental health unit, for less than four months. Inmates housed there are not provided eating utensils because the utensils are objects with which they may injure themselves. Additionally, inmates on L-1 are not permitted recreation or to have their own personal clothing or shoes. They are provided with a smock while in the cell and footwear if moved from the tier. They are also permitted, on average, twice weekly showers. *Id.*, Ex. 1, Ex. 4. Inmate sanitation crews are assigned to regularly clean the cells. *Id.*

Conditions which "deprive inmates of the minimal civilized measure of life's necessities" may amount to cruel and unusual punishment. *Rhodes v. Chapman*, 452 U. S. 337, 347 (1981). However, conditions which are merely restrictive or even harsh "are part of the penalty that criminal offenders pay for their offenses against society." *Id.*

> In order to establish the imposition of cruel and unusual punishment, a prisoner must prove two elements - that 'the deprivation of [a] basic human need was *objectively* sufficiently serious,' and that '*subjectively* the officials acted with a sufficiently culpable state of mind.'

*Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995) (emphasis in original; citation omitted). Thus, in an Eighth Amendment claim based on prison conditions, plaintiff must prove that prison officials acted with "deliberate indifference." *Wilson v. Seiter*, 501 U.S. 294, 297(1991) (quotations omitted). Specifically, prison officials have to consciously disregard a substantial risk of serious harm to an

4

inmate's health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see also Helling v. McKinney*, 509 U.S. 25, 32 (1993). Moreover, "on an Eighth Amendment challenge to prison conditions a plaintiff must produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions." *Strickler v. Waters*, 989 F.2d 1375, 1381 (4th Cir.).

Plaintiff has been challenged to come forward with evidence, *i.e.* records and/or declarations, to prove both components of the Eighth Amendment standard. The records refute plaintiff's unverified allegations regarding the conditions of his confinement and/or explain the rationale for certain conditions given plaintiff's placement in the mental health unit. There is no evidence that plaintiff suffered any injury as a result of the conditions he alleges. Plaintiff's bald allegations are insufficient to overcome the affidavit and records before the court. Defendants have not acted with "deliberate indifference" to plantiff's health and safety, and are entitled to summary judgment.

**C.     Medical/Psychiatric Care**

The Eighth Amendment prohibits "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). To state an Eighth Amendment claim for denial of medical care, plaintiff must demonstrate that the actions of defendants (or their failure to act) amounted to deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Deliberate indifference to a serious medical need requires proof that, objectively, plaintiff was suffering from a serious medical need and that, subjectively, the prison staff were aware of the need for medical attention but failed to either provide it or ensure the needed care was available. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

As noted above, the medical condition at issue must be serious. *See Hudson v. McMillian,* 503 U.S. 1, 9 (1992) (no expectation that prisoners will be provided with unqualified access to health care). Proof of an objectively serious medical condition, however, does not end the inquiry. The

5

second component of proof requires "subjective recklessness" in the face of the serious medical condition. *Farmer*, 511 U.S. at 839–40. "True subjective recklessness requires knowledge both of the general risk, and also that the conduct is inappropriate in light of that risk." *Rich v. Bruce*, 129 F. 3d 336, 340 n. 2 (4th Cir. 1997). "Actual knowledge or awareness on the part of the alleged inflicter . . . becomes essential to proof of deliberate indifference 'because prison officials who lacked knowledge of a risk cannot be said to have inflicted punishment.'" *Brice v. Virginia Beach Correctional Center*, 58 F. 3d 101, 105 (4th Cir. 1995), quoting *Farmer,* 511 U.S. at 844. If the requisite subjective knowledge is established, an official may avoid liability "if [he] responded reasonably to the risk, even if the harm was not ultimately averted." *Farmer*, 511 U.S. at 844. Reasonableness of the actions taken must be judged in light of the risk the defendant actually knew at the time. *See Brown v. Harris* 240 F. 3d 383 (4th Cir. 2001), citing *Liebe v. Norton*, 157 F. 3d 574, 577 (8th Cir. 1998) (focus must be on precautions actually taken in light of suicide risk, not those that could have been taken).

There is no essential distinction between the right to medical care for physical ailments and the right to psychiatric or psychological care for mental ailments. *See Bowring v. Godwin*, 551 F.2d 44, 47 (4th Cir. 1977). Plaintiff, an incarcerated person, "is entitled to psychological or psychiatric treatment if a physician or other health care provider, exercising ordinary skill and care at the time of observation, concludes with reasonable medical certainty (1) that the prisoner's symptoms evidence a serious disease or injury; (2) that such disease or injury is curable or may be substantially alleviated; and (3) that the potential for harm to the prisoner by reason of delay or the denial of care would be substantial." *Id.*, at 47–48. The *Bowring* Court further concluded that the right to such treatment is based upon the essential test of medical necessity and not upon a belief is that care is merely desirable. *Id.* at 48. Further, "[d]isagreements between an inmate

and a physician over the inmate's proper care do not state a § 1983 claim unless exceptional circumstances are alleged." *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985).

Plaintiff has failed to demonstrate that he has been denied medical or psychiatric care. Medical records indicate that plaintiff suffered from cervical spinal stenosis and underwent surgery for same. Paper No. 20, Ex. 1, Ex. 3. Inmates such as plantifff, housed on the mental health unit at Patuxent are, on average, seen individually twice a week with additional visits scheduled when psychology associates make rounds. *Id.*, Ex. 1. Stated simply, plaintiff's bald allegations of denial of medical and psychiatric care amount to little more than a disagreement with the judgment of his health care providers. Such disagreement with a course of treatment does not provide the framework for a federal civil rights complaint but rather, at most, states a claim of negligence. *See Russell v. Sheffer*, 528 F. 2d 318 (4th Cir. 1975).

**D.     Harassment/Discrimination**

Plaintiff baldly alleges that he has suffered harassment and discrimination. Verbal abuse of inmates by guards, without more, states no claim of assault. *See Collins v. Cundy*, 603 F.2d 825 (10th Cir. 1979); *Morrison v. Martin*, 755 F. Supp. 683, 687 (E.D. N.C. 1990). To the extent that plaintiff contends that defendants' statement somehow placed him in danger, he has not alleged an adequate injury to state a claim. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (serious injury required in order to state a failure to protect claim); *see also Siegert v. Gilley,* 500 U.S. 226, 234-35 (1991). Likewise, plaintiff's bald allegation of discrimination, without more, does not state a cognizable civil rights claim. *See Beaudett v. City of Hampton*, 775 F.2d 1274 (4th Cir. 1985).

**E.     Access to Courts**

Plaintiff alleges that he was denied legal mail from the court, communication from his lawyer, and otherwise held incommunicado while on the mental health unit. Paper No. 1. Mail

7

records indicate plaintiff received legal mail. *Id.*, Ex. 1 and Ex. 5.

Prisoners have a constitutionally protected right of access to the courts. *See Bounds v. Smith*, 430 U. S. 817, 821 (1977). A prisoner wishing to establish an unconstitutional burden on his right of access to the courts "must show 'actual injury' to 'the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." *O'Dell v. Netherland*, 112 F. 3d 773, 776 (4th Cir. 1997), *quoting Lewis v Casey,* 518 U.S. 343, 349 (1996). "The requirement that an inmate alleging a violation of *Bounds* must show actual injury derives ultimately from the doctrine of standing, a constitutional principle that prevents courts of law from undertaking tasks assigned to the political branches." Id. at 349. To state claim based on delay or nondelivery of legal mail, a prisoner must allege adverse consequence as basis for allegation that delay or nondelivery deprived him of meaningful access to courts. *Id.*; *see also Morgan v. Montanye*, 516 F.2d 1367 (2d Cir. 1975) (single interference did not violate Sixth Amendment). Plaintiff has failed to indicate the nature of any of the pleadings or documents not received by him or the various courts and, accordingly, has not demonstrated actual injury to his ability to bring forth a challenge to his sentence or conditions of confinement.

**F.      Retaliation**

Plaintiff states that he was threatened with transfer from Patuxent for filing civil actions. Generally, claims of retaliation are to be treated with skepticism. *See Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996). In order to sustain a claim based on retaliation, a plaintiff "must allege *either* that the retaliatory act was taken in response to the exercise of a constitutionally protected right *or* that the act itself violated such a right." *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (emphasis supplied). To the extent that plaintiff's complaint can be construed as alleging that the retaliatory act was threatened in an effort to deny him access to the courts, his claim still fails as he

8

has failed to show the requisite adversity that "is essential to any retaliation claim." *ACLU of Maryland*, 999 F.2d 780, 785 (4th Cir. 1993); *Scott v. Kelly,* 107 F.Supp 2d 706, 709 (E.D.Va. 2000) Plaintiff has failed to show how the alleged retaliatory conduct adversely impacted his access to courts, or denied him access to ongoing mental health treatment. In fact, plaintiff has failed to allege, much less demonstrate, that any retaliatory act was taken.

## **Conclusion**

For the reasons stated above, defendants' motion for summary judgment shall be granted. A separate order follows.


___August 31, 2010_____  ____/s/_____
Date                            J. Frederick Motz
                                United States District Judge